T.C. Summary Opinion 2012-65

UNITED STATES TAX COURT

JOHN ROBERT WALTHALL, JR. AND LINDSEY WALTHALL, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14499-11S.                    Filed July 9, 2012.

John Robert Walthall, Jr., and Lindsey Walthall, pro sese.

<u>Sarah E. Sexton</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code in effect for 2008, the taxable year in issue.

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $2,483 income tax deficiency for petitioners' 2008 tax year that is attributable solely to the disallowance of $16,550 in claimed automobile expense deductions. We consider here whether petitioners are entitled to any portion of the claimed and disallowed deductions.

Background

Petitioners resided in California when their petition was filed. During 2008 petitioners were full-time employees at workplaces approximately 25 miles from their home. Although they worked for different employers, the places of their employment were near enough that petitioners could travel to work together each day.

Petitioners met a real estate agent who explained how they could invest in "fixer-upper" homes with the goal of creating an income stream and ultimately of selling it at a value in excess of their cost. Petitioners claim to have viewed homes daily[2] with the above-explained goals in mind but did nothing more than view possible homes in which to invest. There is no indication that petitioners made

---

[2]Petitioners claim to have viewed potential investment homes on 361 days during 2008.

appointments with realtors or sellers to see the interior of any of the homes that they contend they viewed. In sum, petitioners claim to have traveled 30,000 miles in pursuit of their investment goal. Petitioners claim to have logged most of that mileage looking at homes during their daily commute to work. The homes that petitioners claim to have viewed on weekends were near petitioner husband's mother's home.

Petitioners presented no evidence that they ever made an offer to purchase an investment home or that they actually viewed homes. Petitioners took no pictures and did not maintain records of their claimed investment-home-seeking activity.

## Discussion

The initial and primary question we must consider is whether petitioners' alleged activity was an activity entered into for a profit. In order for expenditures attributable to an activity to be deductible, section 183 requires taxpayers to show that they engaged in the activity for profit. Section 1.183-2(b), Income Tax Regs., lists nine nonexclusive factors to be considered in determining whether an activity was engaged in for profit.

The nine factors include:

(1) the manner in which the taxpayer carries on the activity;

(2) the expertise of the taxpayer or his adviser;

(3) the time and effort expended by the taxpayer;

(4) the expectation that assets used in activity may appreciate in value;

(5) the success of the taxpayer in carrying on other similar or dissimilar activities;

(6) the taxpayer's history of income or losses with respect to the activity;

(7) the amount of occasional profits, if any, which are earned;

(8) the financial status of the taxpayer; and

(9) the elements of personal pleasure or recreation.

With the exception of the amount of time petitioners claim to have spent looking at potential investment homes, we cannot view any of the factors favorably to them. Additionally, it appears that petitioners' idea to invest in homes was, for 2008, simply an idea that was far from development as an organized activity seeking a profit. Petitioners have not shown that they had sufficient credit, capital, or sources of income or funds to purchase investment properties. The record portrays individuals who were commuting to work and traveling to visit relatives and who claim that their personal mileage is deductible because of the conceptual possibility

that such activity could be deductible.  Cf. sec. 262 (personal expenses generally not deductible).

We accordingly hold that petitioners are not entitled to the $16,550 automobile expense deduction claimed on their 2008 joint Federal income tax return.

To reflect the foregoing,

Decision will be entered

for respondent.